**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Steven A. Morris, | ) | Civil Action No. 5:21-1270-RMG |
|             Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Deputy Prince, | ) | |
|            Defendant. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. (Dkt. No. 36.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's complaint with prejudice.

**I.     Background**

Plaintiff proceeds *pro se* and *in forma pauperis* to allege cruel and unusual punishment and excessive force in violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Defendant moved for summary judgment. (Dkt. No. 28.) The Magistrate Judge issued a *Roseboro* order notifying Plaintiff that failure to respond to the motion could result in dismissal of his claims. (Dkt. No. 29.) Plaintiff did not respond. The Magistrate Judge then directed Plaintiff to respond to the motion if he wished to continue prosecuting his claims and advised that failure to do so could result in dismissal. (Dkt. No. 34.) Plaintiff did not respond. The Magistrate Judge therefore recommends that the complaint be dismissed pursuant to Rule 41, to which Plaintiff did not object.

-1-

**II.     Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.    Discussion**

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Plaintiff's failure to respond to the Magistrate Judge's repeat orders indicates his intent not to continue prosecuting the claims, which subjects the claims to *sua sponte* dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Dismissal with prejudice is not an abuse of discretion where, as here, there is a "long history of delay" by the plaintiff. *Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978). The Court, therefore, finds that the Magistrate Judge correctly recommended that this complaint should be dismissed with prejudice.

-3-

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 36) as the order of the Court and **DISMISSES WITH PREJUDICE** the complaint. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 18, 2022
Charleston, South Carolina